IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35039-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JONATHAN M. NORRIS, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Jonathan Norris was convicted of third degree assault after swinging at a law enforcement officer during his arrest in a grocery store parking lot. Norris argues that he was improperly sentenced for the completed crime of third degree assault rather than the attempted crime. We reject his claim and affirm.

FACTS

Jonathan Norris was outside the Fred Meyer store in Spokane Valley early one morning yelling and cursing at employees arriving for work. When told to leave by the assistant manager, Norris cursed in response, stating that he did not have to leave. Deputy Nathan Booth arrived on the scene, identified himself to Norris, and Norris

responded that he would have to be taken out in cuffs.  Norris, who had a drink in his

dominant hand, swung at Deputy Booth with his other hand, but failed to connect.

PROCEDURE

The State charged Norris with third degree assault, a class C felony.  The charge

cited RCW 9A.36.031(1)(g), which provides in part:

> A person is guilty of assault in the third degree if he or she, under
> circumstances not amounting to assault in the first or second degree:
>    . . . .
>    (g)  Assaults a law enforcement officer or other employee of a law
> enforcement agency who was performing his or her official duties at the
> time of the assault . . . .

At trial, the court instructed the jury:

Instruction No. 9

> An assault is an act done with intent to inflict bodily injury upon
> another, tending but failing to accomplish it and accompanied with the
> apparent present ability to inflict the bodily injury if not prevented.  It is not
> necessary that bodily injury be inflicted.

Clerk's Papers (CP) at 42.  This instruction mirrors 11 *Washington Practice: Washington*

*Pattern Jury Instructions: Criminal* (WPIC) 35.50, at 581 (4th ed. 2016).  In the "Note on

Use," the pattern instruction states to use this particular definition "in cases involving an

attempt to inflict bodily injury but not resulting in a battery."  WPIC 35.50, Note on Use

at 581.

2

ANALYSIS

Norris argues that the State chose to proceed with the third degree assault charge based on "attempted battery." Appellant's Br. at 4. Elsewhere he asserts that an "attempted battery is an attempted assault." Appellant's Br. at 6. Citing RCW 9A.28.020(3)(d), he argues that an attempted class C felony is reduced to a gross misdemeanor. Under this theory, he requests to be resentenced. We reject Norris's argument.

Because Washington lacks a statutory definition of assault, courts turn to the common law definition. *State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 982, 329 P.3d 78 (2014). Washington recognizes three forms of assault: (1) assault by actual battery, (2) assault by attempting to inflict bodily injury on another while having apparent present ability to inflict such injury, and (3) assault by placing the victim in reasonable apprehension of bodily harm. *State v. Byrd*, 125 Wn.2d 707, 712-13, 887 P.2d 396 (1995). The present case rests on a theory of the second definition, that Norris attempted to inflict bodily injury on Deputy Booth by swinging at him, and Norris had the apparent present ability to inflict such injury.

No. 35039-8-III
*State v. Norris*

Here, the State charged and the jury was instructed on assault, not attempted battery. Norris did not commit "an attempted battery" or "an attempted assault." He committed an actual assault. RCW 9A.28.020(3)(d) has no application here.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

Korsmo, J.

4